# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roderick Rickert, et al., | No.  CIV 13-2326-PHX-DGC |
|         Plaintiffs, | **CASE MANAGEMENT ORDER** |
| v. | |
| Kurt Francis, et al., | |
|         Defendants. | |

On **February 26, 2014**, a Case Management Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  The parties met before the conference in accordance with Rule 26(f) and prepared a joint case management report.  On the basis of the Case Management Conference and the joint report,

**IT IS HEREBY ORDERED:**

    1.    <u>Deadline for Initial Disclosures</u>.  Initial disclosures required by Federal Rule of Civil Procedure 26(a), if not already exchanged, shall be exchanged no later than **March 30, 2014**.  The parties shall file with the Clerk a Notice of Initial Disclosure, rather than copies of the actual disclosures.

    2.    <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>.  The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

    3.    <u>Discovery Limitations</u>.  Depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.  Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of

documents, including subparts, and 25 requests for admissions, including subparts.

4.      Deadline for Completion of Fact Discovery.  The deadline for completing fact discovery, including discovery by subpoena, shall be **August 29, 2014.**  To ensure compliance with this deadline, the following rules shall apply:

a.      Depositions:  All depositions shall be scheduled to commence at least **five working days** prior to the discovery deadline.  A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

b.      Written Discovery:  All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

c.      The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

5.      Deadlines for Disclosure of Experts and Completion of Expert Discovery.

a.      Plaintiff(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **June 20, 2014**.

b.      Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **July 18, 2014.**

c.      Rebuttal expert disclosures, if any, shall be made no later than **August 1, 2014**.  Rebuttal experts shall be limited to responding to opinions stated by initial experts.

d.      Expert depositions shall be completed no later than **August 29, 2014**.  As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

e.      Disclosures under Rule 26(a)(2)(A) must include the identities of

treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B).  Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify.  The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

f.    As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor."  Full and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

g.    Each side shall be limited to one retained or specially employed expert witness per issue.

6.    <u>Discovery Disputes</u>.

a.    The parties shall not file written discovery motions without leave of Court.[2]  If a discovery dispute arises, the parties promptly shall contact the Court to request a telephone conference concerning the dispute.  The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference.  The Court may order written briefing if it does not resolve the

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826.  Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required.  *Id.*  For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

1  dispute during the telephone conference.

2         b.    Parties shall not contact the Court concerning a discovery dispute

3  without first seeking to resolve the matter through personal consultation and sincere

4  effort as required by Local Rule of Civil Procedure 7.2(j).  Any briefing ordered by the

5  Court shall also comply with Local Rule of Civil Procedure 7.2(j).

6         c.    Absent extraordinary circumstances, the Court will not entertain fact

7  discovery disputes after the deadline for completion of fact discovery, and will not

8  entertain expert discovery disputes after the deadline for completion of expert discovery.

9      7.    <u>Deadline for Filing Dispositive Motions</u>.

10         a.    Dispositive motions shall be filed no later than **September 26, 2014**.

11  Such motions must comply in all respects with the Federal Rules of Civil Procedure and

12  the Local Rules.

13         b.    No party shall file more than one motion for summary judgment

14  under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained,

15  by joint telephone call, from the Court.

16         c.    Failure to respond to a motion within the time periods provided in

17  Local Rule of Civil Procedure 7.2 will be deemed a consent to the denial or granting of

18  the motion and the Court may dispose of the motion summarily pursuant to Local Rule of

19  Civil Procedure 7.2(i).

20         d.    The parties shall not notice oral argument on any motion.  Instead, a

21  party desiring oral argument shall place the words "Oral Argument Requested"

22  immediately below the title of the motion pursuant to Local Rule of Civil Procedure

23  7.2(f).  The Court will issue an order scheduling oral argument as it deems appropriate.

24      8.    <u>Deadline for Engaging in Good Faith Settlement Talks</u>.  All parties and

25  their counsel shall meet in person and engage in good faith settlement talks no later than

26  **May 30, 2014**.  Upon completion of such settlement talks, and in no event later than five

27  working days after the deadline set forth in the preceding sentence, the parties shall file

28  with the Court a joint report on settlement talks executed by or on behalf of all counsel.

The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case.  The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

9.      The Deadlines Are Real.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.  The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

Dated this 1st day of March, 2014.

David G. Campbell
United States District Judge

- 5 -