Paul Gattone
Attorney at Law
LAW OFFICE OF PAUL GATTONE
312 S. CONVENT
Tucson, Arizona 85701
(520)623-1822

**State Bar #012482**
**Attorney for Defendants Kawakami, la.indymedia.org,**
**Los Angeles Independent Media Center and Riceball.com**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

Roberick Rickert, et al.,

    Plaintiff,

Vs.

Kurt Francis,

    Defendants.

No. CV13-02326-PHX-DGC

**DEFENDANT'S MOTION TO DISMISS**

(Oral Argument Requested)

Defendants Kawakami, Los Angeles Independent Media Center, la.indymedia.org and Riceball.com, through counsel undersigned, file the following Motion to dismiss Defendant's Complaint. This Motion is supported by the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Facts

Defendant Los Angeles Independent Media Center is a non-commercial, democratic collective of Los Angeles area independent media makers and media outlets, and serves as the local

- 1 -

organizing unit of the global Indymedia Network and operates the la.indymedia.org website. The website is an "open publishing" platform, and anyone may post articles or information on the site. Articles posted are kept up unless they violate one of the criteria specified on the site. The site is controlled by an editorial collective and they have the freedom to "hide" articles that are in violation of these criteria. If a posted article is not in violation of these criteria but a request is received to hide or delete the article, the editorial collective with discuss this request. Los Angeles Independent Media Center (IMC) operates very differently from other news sites or blogs in that other sites or blogs have total control over content that is posted on the site. IMC operates more like a public resource and the editors of the site are custodians of the author's publishing efforts. As such, the IMC has a tendency not to hide posted articles and deletions of articles are rarely done.

In July of 2012 Defendant Kurt Francis posted an article titled "Been Screwed by Infoclosure" to the LA Indymedia website. In November of that year IMC received an email from an entity calling itself Calpop complaining about the Francis post. That same month IMC receives and email from an individual names Thomas Choi for Infoclosure complaining about the Francis post. Thereafter IMC received an email on the part of Infoclosure from an individual named David Schaeffer who also asked that IMC remove the Francis post. After time, David Schaffer was the person that IMC dealt with on this issue. At that point the IMC collective decided to contact Defendant Francis to discuss the issue with his posting. Defendant Francis became defensive to suggestions that he remove the posts and implied that he did not want to remove his posts from the site and cuts off contact with IMC. In an effort to resolve the issue, IMC sends a lengthy email to Infoclosure asserting that IMC is immune from suit under the §230 of the Communications Decency Act of 1996. IMC also offers to hide the Francis post and to post a disclaimer. IMC also proposed

that it would remove any material that might be in violation of a copyright and asked Infoclosure to provide specific URLs or descriptions of the allegedly copyrighted material. Infoclosure never provided this information. The IMC website also contains a disclaimer that indicates that anyone posting to the site must have the copyright to the posted material and if the author does not hold the copyright, they should not be posting materials to the site.

Early in 2013 IMC collective decided to hide the Francis posts and to post a disclaimer that explained the collective's actions regarding the Francis articles. After this decision Defendant Kawakami also edited the Francis posting so that it would display a message about the collective's decision to hide the post. Anyone attempting to view the Francis article would see the post about the collective's decision regarding the Francis post. Despite these decisions regarding the Francis post, IMC still continues to get threats from Infoclosure about litigation over the Francis posting.

Argument

I. DEFENDANTS ARE IMMUNE FROM SUIT PURSUANT TO §230 OF THE COMMUNICATIONS DECENCY ACT (CDA) OF 1996.

§230 of the Communications Decency Act (CDA) of 1996 declared: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." (47 U.S.C. §230 (c) (1)) "No causes of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." (§230 (e) (3)) By its plain language §230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third party user of the service. Specifically §230 precludes courts from entertaining claims that would place a computer service provider in a publisher's role. Thus lawsuits seeking to hold a service provider liable for its

exercise of a publisher's traditional editorial functions---such as deciding whether to publish, withdraw, postpone or alter content—are barred. *Zeran v America Online*, 129 F3d. 327, 330 (4th Circuit 1997)

The purpose of this statutory immunity is not difficult to discern. Congress recognized the threat that tort-based lawsuits post to freedom of speech in the new and burgeoning Internet medium. The imposition of tort liability on service providers for the communications of other represented, for Congress, simply another form of intrusive government regulation of speech. Section 230 was enacted, in part, to maintain the robust nature of Internet communication and, accordingly, to keep government interference in the medium to a minimum. *Zeran v America Online*, Id.

Based on the ruling in *Zeran*, and on §230 of the CDA, the case against Defendants Kawakami, IMC, la.indymedia.org and Riceball.com must be dismissed from this litigation. They provide and interactive internet service that is open to third parties. Defendants, like larger internet entities, such as America Online, do not censor information that users can post and cannot be sued because of information posted by a user of that service. All of the information that Plaintiffs claim they were damaged by was posted by Defendant Francis on an open publishing website and as such, Defendants cannot be held liable for the information that Defendant Francis posted.

A. <u>Defendants Cannot Be Held Liable for Libel or Defamation For Reposting the Francis Article.</u>

Plaintiffs also claim liability for Defendants, but particularly for Kawakami and Riceball.com, for libel because they reposted the Francis Article. Defendants would point to the immunity granted in §230 of the CDC and the logic in <u>Zeran</u> to refute this attempt. However, a case from the California Supreme Court *Rosenthal v Barrett*, 40 Cal. 4th 33, 146 P.3d 510, 51 Cal. Rptr.

- 4 -

3d 55, provides a thorough analysis of this issue. Despite the fact that this is a state court action, it can be useful to the Court's decision in the case presently before it. The facts in *Rosenthal* are similar to those in the case presently before the Court. In *Rosenthal*, two doctors in California sued over negative statements posted in articles on internet websites. A lower court held that the only statements actionable against Ms. Rosenthal appeared in an article that she received via email from a co-defendant. Ms. Rosenthal posted this article to two websites. Despite a ruling by the trial court that Ms. Rosenthal was immune from suit under §230, an appeals court held that this section did not protect her from liability as a "distributor" for defamation purposes. The Supreme Court of California granted review to decide whether section 230 confers immunity on "distributors". The California Court concluded that "….section 230 prohibits "distributor" liability for internet publications." *Rosenthal v Barrett*, 40 Cal. 4th 33, 146 P.3d 510, 51 Cal. Rptr. 3d 55. Under this logic, and along with the holding in *Zeran*, it is clear that Defendants are immune from suit and the case pending against them must be dismissed.

Based on the above, and in the interest of justice, Defendants Kawakami, Los Angeles Independent Media Center, la.indymedi.org and Riceball.com ask this Court to dismiss the above numbered matter pending against them and award them fees and costs associated with the defense of this suit for which they are immune pursuant to §230 of the Communication Decency Act of 1996.

RESPECTFULLY SUBMITTED this 5th day of May, 2014.

                        _s/Paul Gattone_____
                        Paul Gattone
                        Attorney for Defendants Kawakami, Los Angeles Independent Media Center, la.indymedia.org and Riceball.com

Copy of the foregoing mailed and
electronically transmitted this
5th day of May, 2014

Michael G. Tafoya
P.O. Box 930
Maricopa, AZ 85139
Counsel for Plaintiffs