Paul Gattone
Attorney at Law
LAW OFFICE OF PAUL GATTONE
312 S. CONVENT
Tucson, Arizona 85701
(520)623-1822

**State Bar #012482**
**Attorney for Defendants Kawakami, la.indymedia.org,**
**Los Angeles Independent Media Center and Riceball.com**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

Roberick Rickert, et al.,

    Plaintiff,

Vs.

Kurt Francis et al.,,

    Defendants.

No. CV13-02326-PHX-DGC

**DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO MOTION TO DISMISS**

(Oral Argument Requested)

Defendants Kawakami, Los Angeles Independent Media Center, la.indymedia.org and Riceball.com, through counsel undersigned, file the following Reply to Plaintiffs' Objection to Defendants' Motion to dismiss Defendant's Complaint. This Motion is supported by the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

<u>Facts</u>

Defendants incorporate the facts as previously stated in their Motion to Dismiss.

- 1 -

Argument

I. PLAINTIFFS ARE MISGUIDED IN THEIR RELIANCE ON THE DECISION IN ROOMATES.COM.

In their "Objection" to Defendant's Motion to Dismiss, Plaintiffs have relied heavily on the case of *Fair Housing Council of San Fernando Valley v ROOMATES.COM*, 521 F3d. 1157 (9th Cir. 2008) If one closely reads the decision in *ROOMATES.COM* it supports the position that all of the Defendants, including the Mr. Kawakami and his spouse must be dismissed. It is clear that Defendant Kawakami was not actively involved in developing the post that forms the basis of Plaintiffs' claim against him. It is undisputed that Defendant Francis wrote the article claiming that he was "screwed" by Infoclosure. The key point for the Court in ROOMATES.COM was the fact that the Defendants in that case "developed" the information in question by posing a series of questions on its website seeking information regarding the type of roommate people were looking for. The Defendant in ROOMATES.COM was held to not be immune pursuant to §230 because they had become ".much more than a passive transmitter of information provided by others; it becomes the developer, at least in part, of that information. And section 230 provided immunity only if the interactive computer service does not "creat[e] or develop" the information "in whole or in part." (47 U.S.C. §230 (f) (3)); Id. at 1167 Plaintiffs in their "Objection" have completely ignored the fact that Defendant Kawakami did nothing to "create" or "develop" the information posted by Defendant Francis. Even if the Court finds that Mr. Kawakami reposted the Francis article to riceball.com, or added a title to it, his actions are not the same as the actions of the defendant in *ROOMATES.COM*. In that case the Defendant did not merely repost information from other sources, but "developed" the material through a series of questions that had to be answered and which elicited

offensive information. The Defendant's in ROOMATE'S were not immune pursuant to §230 because their "..connection to the discriminatory filtering process is direct and palpable; Roommates designed its search and email systems to limit the listings available to subscribers based on sex, sexual orientation and presence of children." Defendant Kawakami and his spouse had no such connection to the information posted by Defendant Francis and his actions in connection with the riceball.com posting did nothing to change this fact. Defendant Kawakami and his spouse are immune from Plaintiffs' suit pursuant to §230.

State courts have also considered the question whether the Communications Decency Act bars a defamation claim and related state law claims against an interactive computer services provider. The Arizona Court of Appeals, Division I has ruled that it does. See *Austin v CrystalTech Web Hosting*, 125 P3d. 389, 211 Ariz. 569 (Arizona, 2005) As in the case before the Court, the plaintiff in *CrystalTech* alleged that an interactive computer services provider refused to remove allegedly defamatory materials from their website. As in the present case, the plaintiff in *CrystalTech* asked the Court to hold that the immunity in §230(c) is limited by the plain language of the statute to publishers and does not apply to persons or entities who distribute the allegedly defamatory material. Id. at 393. The Arizona Court did not agree with this assertion, and rather held that the §230 immunizes both publishers and distributors (as a subset of publisher) from liability for defamatory content provided by others. *Austin v CrystalTech Web Hosting*, 125 P3d. 389. 393-394

Based on the above, and in the interest of justice, Defendants Kawakami, Los Angeles Independent Media Center, la.indymedi.org and Riceball.com ask this Court to dismiss the above numbered matter pending against them and award them fees and costs associated with the defense of this suit for which they are immune pursuant to §230 of the Communication Decency Act of 1996.

RESPECTFULLY SUBMITTED this 9th day of June, 2014.


        _s/Paul Gattone_____
        Paul Gattone
        Attorney for Defendants Kawakami, Los Angeles Independent Media Center, la.indymedia.org and Riceball.com

Copy of the foregoing mailed and
electronically transmitted this
9th day of June, 2014

Michael G. Tafoya
P.O. Box 930
Maricopa, AZ 85139
Counsel for Plaintiffs